Henry Arellanes Acosta v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-267-CR

HENRY ARELLANES ACOSTA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Henry Arellanes Acosta entered an open plea of guilty to arson causing bodily injury, a first-degree felony.
(footnote: 2)  The trial court convicted him and sentenced him to thirty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In one point, Appellant contends that his trial counsel rendered ineffective assistance of counsel by failing to secure a record of the punishment proceedings.  Appellant did not file a motion for new trial.  Appellant’s counsel on appeal, who was not appointed until after the time for filing a motion for new trial had expired, filed in this court a motion to abate for fact findings below, which was denied.  Nowhere in his notice of appeal, brief, or motion to abate does Appellant point to any specific injury he incurred at his punishment hearing.  We note that Appellant received a thirty-year sentence, which was well within the range of confinement for this offense—five to ninety-nine years or life.
(footnote: 3)  Based on the applicable standard of review,
(footnote: 4) we cannot say that Appellant has met his burden of proving that his trial counsel was ineffective.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 30, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 28.02(a), (d)(1) (Vernon 2003).

3:
Id.
 § 12.32(a).

4:
See Strickland v. Washington
, 466 U.S. 668, 687-89, 104 S. Ct. 2052, 2064-66 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999).